UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| Joan M. Scott, ) | | Case No. 05-63291 SPS |
| ) | | |
| Debtor. ) | | Hon. Susan Pierson Sonderby |

**Application for Allowance and Payment of
Final Compensation of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Joan M. Scott ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $2,056.40 as final compensation for services rendered as trustee in this case from November 2, 2005 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on November 2, 2005 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate's primary asset was the Debtor's interest in a certain parcel of real estate located at 8942 S. Marshfield, Chicago, IL ("Property").

4. The bar date for filing claims in this case was June 20, 2006.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6.      Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

## Services Rendered by Trustee

7.      Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.      Trustee reviewed the Debtor's Schedule of Assets and Liabilities and Statements of Financial Affairs; Trustee conducted an examination of the Debtor at the Section 341 meeting of creditors;

B.      At the Debtor's Section 341 meeting, Trustee discovered that the Debtor failed to schedule a parcel of improved real property commonly known as 8942 S. Marshfield, Chicago, IL ("Property") that the Debtor owned with her husband; Trustee learned that the Property was not encumbered and was of value and benefit to the Estate; Trustee supervised by his attorneys, contacted the Debtor to discuss the Property and make arrangements for the disposition of the Property; over an extended period, the Debtor did not cooperate with Trustee, did not amend her Schedules to list the Property and did not otherwise enable him to administer the Property—and, Debtor filed a chapter 13 plan and a Motion to convert this case to one under chapter 13 but this Court failed to grant the Motion to Convert;

C.      During the ten month period that Trustee sought to dispose of the Property, the Trustee filed four (4) motions to extend the time to object to discharge in order to protect the interests of the Estate and its creditors; Trustee ultimately negotiated with the Debtor for a sale of the Estate's right, title and interest in the Property; pursuant to this Court's order, Trustee recovered gross proceeds of $13,000 for the benefit of the Estate;

D.      Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

E.      Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

F.      Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

2

G. Trustee examined proofs of claim filed against the Estate; Trustee analyzed the Debtor's claim for exemptions and distributed to Debtor on account of her claimed auto exemption;

H. Trustee analyzed and addressed the tax matters for the Estate;

I. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $13,368.72 on behalf of the Estate. Trustee has made $10.91 in disbursements in this case as of the date hereof.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report (filed simultaneously herewith) as Exhibits B and C, respectively.

## Compensation Requested

10. During the period covered by this Application, Trustee has spent 12.20 hours rendering services on behalf of this Estate with a value of $2,011.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $770.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 726 of the Code, based upon the disbursements, as more fully described below, is $13,063.84 computed as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $8,063.84 | $806.40 |
| Total allowable compensation | $2,056.40 |

The maximum compensation is based upon total disbursements to be made in this case of $13,063.84. This amount excludes the funds paid to the Debtor on account of her

3

exemption of the automobile ($304.88). Such monies have been excluded from the computation of the Trustee's compensation.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $2,056.40. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

**Status of the Case**

15. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith. Final fee application for the Trustee's Attorneys has also been filed concurrently with this Application.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Joan M. Scott requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $2,056.40 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from November 2, 2005 through the closing of this case; and

    B. For such other and further relief as this Court deems appropriate.

Dated: May 9, 2007    Joseph A. Baldi, as trustee of the estate of
              Joan M. Scott, debtor


              By:_____/s/_____
                 Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
Elizabeth C. Berg
Attorney I.D. No. 6200886
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

**Trustee's Final Fee Application**                                   **Joan M. Scott**
                                                                      **Case No. 05-63291**

**Trustee's Itemized Billing Statements**

**Exhibit A**

**Joseph A. Baldi & Associates, P. C.**
**19 S. LaSalle Street**
**Suite 1500**
**Chicago, IL 60603**

**Phone:** (312) 726-8150
**Fax:** (312) 726-5067                                                                                                      **FEIN:** 36-4352753

***Invoice submitted to:***                                                                                          May  9, 2007
                                                                                                                         Invoice No:    875

Joan M. Scott
Joseph A. Baldi, trustee
19 South LaSalle Street
Suite 1500
Chicago, IL 60603

**In Reference to:**    *Scott - Trustee Matters*

### Professional Services

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 5/18/2006 | ECB1 | Set up bank account (.1) Prepare Certification of Taxpayer ID for bank (.1) Deposit check from Ford Motor Credit for excess sale proceeds (.1)  Review schedules re exemption in car and Telephone call to counsel for Ford re same (.1) | 0.40 $140.00/ hr | $56.00 |
| 5/22/2006 | ECB1 | Teleconference with counsel for Ford Credit to confirm surplus (.1) Prep exemption check for debtor (.1) | 0.40 $140.00/ hr | $56.00 |
| 6/12/2006 | ECB1 | Perform internal audit of trustee banking files and corresponding databases | 0.20 $140.00/ hr | $28.00 |
| 6/26/2006 | ECB1 | Process May 2006 bank statements; Reconcile bank accounts | 0.20 $140.00/ hr | $28.00 |
| 7/20/2006 | ECB1 | Process June 2006 bank statements (.1); reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 9/22/2006 | JAB | Review and revise claims information to reflect Ford withdrawal, review draft of distribution report re same. | 0.60 $350.00/ hr | $210.00 |
| 9/25/2006 | ECB1 | Process August 2006 Bank Statements (.1) Reconcile estate bank accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 10/16/2006 | ECB1 | Process September 2006 bank statements (.1) Reconcile accounts (.1) | 0.20 $140.00/ hr | $28.00 |
| 11/21/2006 | ECB1 | Process October 2006 bank statements; reconcile bank accounts | 0.20 $140.00/ hr | $28.00 |
| 12/20/2006 | ECB1 | Process November 2006; Reconcile Bank accounts | 0.20 $140.00/ hr | $28.00 |

**Joseph A. Baldi & Associates, P. C.**                    5/09/2007

Scott - Trustee Matters                                    Page    2

---

| Date | Staff | Description | Hours | Amount |
|---|---|---|---|---|
| 12/26/2006 | ECB1 | Initial review of Form 3 Notes for Trustee's 2006 Annual Report to UST | 0.10 $140.00/ hr | $14.00 |
| 1/17/2007 | ECB1 | Process December 06 bank statements; Reconcile estate accounts | 0.20 $140.00/ hr | $28.00 |
| 2/13/2007 | ECB1 | Prep of 2006 annual reports | 1.20 $140.00/ hr | $168.00 |
| 2/21/2007 | ECB1 | Prepare Blanket Bond Report (.1) Prep premium check and transmittal to International Sureties (.1) | 0.20 $140.00/ hr | $28.00 |
| 3/20/2007 | ECB1 | Process February 2007 bank statements; Reconcile accounts | 0.20 $140.00/ hr | $28.00 |
| 4/03/2007 | ECB1 | Email to RKP re First Solutions claim release and Trustee's Final Report | 0.20 $140.00/ hr | $28.00 |
| 4/05/2007 | RKP | Input final administrative claim amounts (.20); amend assets for proper recording on form 1 (.10); draft Trustee's Final Report (1.0); compute and verify proposed distribution and interest to be paid (.50); prepare attachments to final report including report of administration and forms 1 and 2 (1.0); review and edit final report package (.50). | 3.30 $130.00/ hr | $429.00 |
| 4/10/2007 | ECB1 | Edit Trustee's final report and related documents per J. Baldi (.80); compile documents in support of final report (.70); prepare Trustee's final report package for filing and submission to UST (1.50). | 3.00 $140.00/ hr | $420.00 |
| 4/10/2007 | JAB | Review edit and execute final report package. | 1.00 $350.00/ hr | $350.00 |
| | | Total Hours | 12.20 | Total Fees $2,011.00 |

**Joseph A. Baldi & Associates, P. C.**                                                   5/09/2007

Scott - Trustee Matters                                                                    Page    3

---

| | |
|---|---:|
| Total New Charges | $2,011.00 |
| Previous Balance | $0.00 |
| Balance Due | $2,011.00 |

*Timekeeper Summary*

| Name | Hours | Rate |
|---|---:|---:|
| Elizabeth (1) C Berg | 7.30 | $140.00 |
| Joseph A Baldi | 1.60 | $350.00 |
| Ricki K Podorovsky | 3.30 | $130.00 |

**Trustee's Final Fee Application**　　　　　　　　　　　　　　　　　　**Joan M. Scott**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 05-63291**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Joan M. Scott, | ) | Case No. 05-63291 SPS |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Application for Allowance and Payment of Final Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Joseph A. Baldi & Associates a law firm at which I was employed during the pendancy of this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on May 9, 2007

_____
Notary Public

"OFFICIAL SEAL"
Elizabeth C. Berg
Notary Public, State of Illinois
My Commission Exp. 06/16/2008

Exhibit B